IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL DUANE BATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY SENTENCE**<br><br>Case No. 2:17-cr-00595-DN<br><br>District Judge David Nuffer |

Defendant Daniel Duane Bates seeks to modify his sentence to include credit for his pretrial detention.[1] Because only the Bureau of Prisons has the power to grant sentence credit in the first instance, jurisdiction is lacking. Therefore, Mr. Bates's Motion[2] is DENIED.

## BACKGROUND

Mr. Bates was arrested on September 6, 2017, and originally charged in state court.[3] He was indicted on federal charges on October 11, 2017.[4] Mr. Bates was then writted out of state custody[5] and made his initial appearance on the federal charges on October 18, 2017.[6] Mr. Bates elected to remain in federal custody,[7] and was sentenced on March 28, 2018.[8]

---

[1] Motion to Modify Sentence ("Motion"), docket no. 43, filed Aug. 14, 2019.

[2] *Id*.

[3] *Id*. at 1.

[4] Indictment, docket no. 1, filed Oct. 11, 2017.

[5] Writ of Habeas Corpus Ad Prosequendum, docket no. 5, filed Oct. 13, 2017.

[6] Minute Entry for Proceedings Held Before Magistrate Judge Brooke C. Wells, docket no. 6, filed Oct. 18, 2017.

[7] *Id*.

[8] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 38, filed Mar. 28, 2018.

At the time of his sentencing, Mr. Bates had three pending state cases.[9] He was sentenced on his federal charges to 42 months in the custody of the Bureau of Prisons to run concurrently with his state cases.[10] The 42-month sentence was a downward variance from his guideline range of 51 to 63 months.[11] This variation was based, in part, on complications that existed with Mr. Bates's state cases that created uncertainty as to whether he would receive credit for his pretrial detention.[12]

Mr. Bates has since learned that the Bureau of Prisons elected to count his time served only from his March 28, 2018 sentencing date.[13] He now seeks to modify his sentence to receive credit for the time he served in pretrial detention from his September 6, 2017 arrest.[14]

## DISCUSSION

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins."[15] However, the Supreme Court has held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing."[16] Rather, "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence."[17] "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney

---

[9] Motion at 2.

[10] Judgement in a Criminal Case at 2, docket no. 39, filed Mar. 29, 2018.

[11] Sentencing Hearing Transcript at 12:10-24, docket no. 45, filed Aug. 19, 2019.

[12] *Id*.

[13] Motion at 2.

[14] *Id*.

[15] *United States v. Wilson*, 503 U.S. 329, 330 (1992).

[16] *Id*. at 334.

[17] *Id*. at 335 (citing 18 U.S.C. § 3621(a)).

General has no choice but to make the determination as an administrative matter when imprisoning the defendant."[18] Therefore, "a district court is without jurisdiction to award a sentence credit at sentencing."[19]

"In order to challenge the calculation of credit for time served, [a d]efendant must first exhaust all of his administrative remedies with the Bureau of Prisons before he seeks judicial review regarding the calculation of credit for time served."[20] "Once [the defendant] has done so, if [un]satisfied with the Bureau of Prisons' resolution of [the] request for sentence credit, [the defendant] may raise the issue by filing a petition under 28 U.S.C. § 2241."[21] And "such petition must be filed in the judicial district where [the d]efendant is held in custody at the time such a petition is filed."[22]

Because Mr. Bates seeks to modify his sentence to receive credit for time served,[23] and the district court lacks jurisdiction to grant such credit,[24] Mr. Bates's Motion is DENIED.

Regardless, the issue of Mr. Bates's pretrial detention was already addressed at his sentencing hearing. There, counsel properly argued for a downward variance from the guideline sentencing range due to complications with Mr. Bates's state cases that created uncertainty as to whether he would receive credit for his pretrial detention.[25] While the district court lacks jurisdiction to grant credit for time served, it may factor a defendant's pretrial detention into its

---

[18] *Id.*

[19] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[20] *United States v. Chavez*, No. CR 09-3086 RB, 2011 WL 13189834, *1 (D. N.M. Jan. 11, 2011) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)).

[21] *Id.* (citing *Montez*, 208 F.3d at 865).

[22] *Id.* (citing 28 U.S.C. § 2241(a)).

[23] Motion at 2.

[24] *Jenkins*, 38 F.3d at 1144.

[25] Sentencing Hearing Transcript at 6:21-7:21, 9:22-10:15.

sentencing calculation. This occurred when Mr. Bates received a downward variance from his guideline sentencing range.[26] Effectively, Mr. Bates received credit for the time he served in pretrial detention when he received the downward variance.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion[27] is DENIED.

Signed August 21, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[26] Sentencing Hearing Transcript at 12:10-24.

[27] Docket no. 43, filed Aug. 14, 2019